IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 77328-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EDWARD ALBERTO MOZQUEDA, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: April 29, 2019 |

HAZELRIGG-HERNANDEZ, J. — To prevail on a claim of ineffective assistance of counsel, defendant must show deficient performance and a reasonable probability of a different outcome. Because the decision not to object to out-of-court statements was a reasonable tactical decision, and because the jury would have received very similar information even with the objections, Mozqueda's ineffective assistance of counsel claim fails. We affirm.

FACTS

On March 6, 2016, G.M.C. disclosed to her mother, A.C., that she had been sexually assaulted by her brother-in-law, Edward A. Mozqueda. G.M.C. provided a written statement to the police that day. She alleged that Mozqueda had started touching her inappropriately when she was seven, and that the most recent assault was in February, 2016. She was examined by doctors at Seattle Children's Hospital, and made statements regarding the assault to the doctors. G.M.C. was

also seen by a nurse practitioner and social worker at the Harborview Center for Sexual Assault and Traumatic Stress, and made statements regarding the assault to them. She also participated in a forensic interview with law enforcement.

Mozqueda was charged with one count of rape of a child in the first degree and one count of rape of a child in the second degree. At trial, G.M.C. testified regarding two incidents where Mozqueda forced her to perform oral sex on him. The State introduced statements from A.C., law enforcement, and several medical professionals that G.M.C. identified Mozqueda as her assailant. Mozqueda objected to the statements during the testimony of A.C., but the trial court permitted them as statements of identification. The State also elicited testimony from its witnesses that G.M.C. had not identified anyone else. Mozqueda elicited testimony regarding animosity between A.C. and Mozqueda, and testimony that suggested A.C. had coached G.M.C. after her initial accusation. Mozqueda also elicited testimony regarding G.M.C.'s inconsistency regarding the timing of the assaults. The jury returned guilty verdicts on both counts.

Mozqueda appeals, claiming his counsel was ineffective for failing to object to the statements of third party witnesses that G.M.C. identified him as her assailant.

DISCUSSION

I.     Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, Mozqueda must demonstrate (1) counsel's performance was deficient and (2) resulting prejudice. State v. Estes, 188 Wn.2d 450, 457-58, 395 P.3d 1045 (2017) (citing Strickland v.

Wash., 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Performance is deficient if it falls below an objective standard of reasonableness based on all the circumstances. Id. (citing State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). The defendant "must overcome 'a strong presumption that counsel's performance was reasonable.'" State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). Performance is not deficient when counsel's conduct can be characterized as reasonable trial strategy. Id. (citing Kyllo, 166 Wn.2d at 863). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." Roe v. Flores-Oretega, 528 U.S. 470, 481, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

Given the circumstances of this case, declining to object to the statements identifying Mozqueda was a reasonable tactical decision. G.M.C. never identified any other person and her identification of Mozqueda was never disputed by the parties. Instead, the defense argued that G.M.C. had fabricated her story, either to cover up activity with a boyfriend or at the behest of A.C because of A.C.'s animosity toward Mozqueda. Additionally, when Mozqueda's counsel did object to similar statements, the court made it clear that it did not consider statements of identification hearsay. This may have impacted defense trial strategy moving forward.

Declining to object to the statements of the treating physician, nurse and social worker who assessed G.M.C. pursuant to the case was also a reasonable tactical decision. A hearsay exception clearly permits statements for the purposes

of medical treatment to be admitted at trial. ER 803(a)(4). G.M.C. was being treated by medical professionals as a result of the assaults, and Mozqueda concedes that statements by a child victim identifying a family member fall within this exception because medical professionals have a duty to protect children from future abuse. See State v. Butler, 53 Wn. App. 214, 221, 766 P.2d 505 (1989), (citing United States v. Renville, 779 F.2d 430, 438 (8th Cir. 1985)).

Mozqueda instead argues that if counsel had objected, those statements would have been excluded under ER 403 because their unfair prejudice substantially outweighed the statements' probative value. We are unconvinced that the trial court would have excluded the statements. While the statements were cumulative of other evidence and prejudicial to Mozqueda, Mozqueda has not shown that the resulting prejudice substantially outweighed the significant probative value of the statements. Because declining to object to those statements was a reasonable tactical decision, and because Mozqueda has not shown that those statements would have been excluded if defense counsel had made a proper objection, we find no ineffective assistance of counsel.

Furthermore, it appears that even sustained objections to the statements would have provided little help to Mozqueda. The State regularly followed up the identification questions by asking its witnesses if G.M.C. ever identified anyone else as her assailant. The witnesses consistently noted that she had not. While the corroborative value of this question was not identical to the statements identifying Mozqueda, it bolsters G.M.C.'s credibility in the same way: as to

4

identity, her accusations remained consistent. No valid objection would have prevented that testimony.

For the same reason, Mozqueda has not demonstrated the necessary prejudice for reversal. In order to show prejudice, the defendant must show there is a reasonable probability the outcome of the proceedings would have been different. Estes, 188 Wn.2d at 458 (citing Kyllo, 166 Wn.2d at 862). The defendant "must show more than a 'conceivable effect on the outcome.'" Id. (quoting State v. Crawford, 159 Wn.2d 86, 99, 147 P.3d 1288 (2006)). Here, because the jury would have received similar information corroborating G.M.C.'s allegations even if Mozqueda's counsel had made objections that were sustained, we cannot find a reasonable probability the outcome of the proceedings would have been different.

Affirmed.

WE CONCUR:

Andrus, J.